[Cite as *State v. Brandon*, 2025-Ohio-49.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                    No. 114173

v.                                      :

MILES A. BRANDON,                       :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** December 12, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-93-295653-ZA

---

*Appearances:*

Cullen Sweeney, Cuyahoga County Public Defender, and
John T. Martin, Assistant Public Defender, *for appellant*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant Miles Brandon appeals from the trial court's journal entry dated June 24, 2024.[1] We find merit to this appeal.

---

[1] The parties use June 21, 2024, as the date the order was issued. The judge, however, signed the entry on June 24, 2024. The case docket indicates a filing date of June 24, 2024.

{¶ 2} In 1993, Brandon pled guilty in the Cuyahoga County Common Pleas Court to misdemeanor assault and was sentenced to two years of probation. On November 28, 1994, a capias was issued for Brandon because he purportedly failed to appear at a probation-violation hearing.

{¶ 3} On May 28, 2024, Brandon motioned to recall the capias and terminate probation. The trial court granted the motion on June 12, 2024,[2] and journalized an order that stated, "Probation terminated. Defendant's motion to lift capias is granted. Capias recalled."

{¶ 4} On June 24, 2024, the trial court entered a new order that stated that probation would only be terminated once all financial obligations were satisfied, including a $500 fine for failing to appear:

> Defendant's motion to lift the capias and terminate probation will be granted upon proof that all financial obligations to the court are paid in full, in addition to a $500.00 fine for failing to appear at the hearing scheduled for 11/28/94.

{¶ 5} Brandon filed a notice of appeal. He raises two assignments of error on appeal:

> I. The case was dismissed on June [12], 2024 and the trial court's order to the contrary on June [24], 2024 is invalid.
>
> II. The trial court improperly imposed a $500.00 fine for failure to appear at the November 28, 1994 hearing.

{¶ 6} The State filed a notice of conceded error pursuant to Loc.App.R. 16(B).

---

[2] The parties use June 11, 2024, as the date the order was issued. The judge signed the entry on June 12, 2024, and the case docket indicates a filing date of June 12, 2024.

{¶ 7} A trial court lacks the authority to reconsider its own valid, final judgment in a criminal case, with two exceptions: (1) when a void sentence has been imposed, and (2) when the judgment contains a clerical error. *State v. Miller*, 2010-Ohio-5705, ¶ 14, citing *State ex rel. Cruzado v. Zaleski,* 2006-Ohio-5795, ¶ 19; *see also* Crim.R. 36 ("Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time.")

{¶ 8} The trial court's June 12, 2024 order was a final order. The trial court's June 24, 2024 order that attempts to impose monetary sanctions on Brandon does not fall under the exceptions expressed in *Miller* because the order did not fix a void sentence or a clerical error.

{¶ 9} The first assignment of error is sustained, rendering the second assignment of error moot. *See* App.R. 12(A)(2). The trial court's June 24, 2024 order is hereby vacated.

{¶ 10} Order vacated and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MARY J. BOYLE, J., CONCUR